**Jerry KILLEDJIAN, Petitioner–Appellant,**

v.

**Larry SMALL, Warden, Respondent–Appellee.**

No. 01–56798.

D.C. No. CV–99–03985–CAS.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2003.\*

Decided April 21, 2003.

Before BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

### MEMORANDUM\*\*

Jerry Killedjian appeals the district court's denial of his habeas corpus petition. *See* 28 U.S.C. § 2254. We affirm.

Killedjian claims that at his trial and conviction for first degree murder, his counsel was ineffective. *See Strickland v. Washington,* 466 U.S. 668, 688–95, 104 S.Ct. 2052, 2064–68, 2066, 2069, 80 L.Ed.2d 674 (1984); *Wildman v. Johnson,* 261 F.3d 832, 838 (9th Cir.2001); *Caro v. Calderon,*

---

165 F.3d 1223, 1226 (9th Cir.1999); *Campbell v. Wood,* 18 F.3d 662, 673 (9th Cir. 1994). But for the case at hand, the most salient part of ineffective assistance law is the Supreme Court's admonition that:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance....

*Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065 (internal citations omitted).

That is most apposite here because what the record demonstrates beyond peradventure is that the accusations that counsel was ineffective key on two highly problematic arguments about issues and evidence not pursued at trial. But counsel's failure to expend more effort (both before and during trial) on the brake issue and his failure to call two witnesses, who actually contradicted his own client's statements, do not demonstrate ineffectiveness. Nor can counsel's alleged omissions be said to have led to prejudice, either separately or

cumulatively. *See Ceja v. Stewart,* 97 F.3d 1246, 1254 (9th Cir.1996).

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.